IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KIMBERLY CASEY,

Plaintiff,

v.

FRANK BISIGNANO,

Defendant.

ORDER

23-cv-13-wmc

---

Plaintiff Kimberly Casey seeks judicial review of a final decision of defendant Frank Bisignano, Commissioner of the Social Security Administration, finding her not disabled within the meaning of the Social Security Act. This matter was referred for a report and recommendation ("R&R") to United States Magistrate Judge Anita Boor in accordance with Federal Rule of Civil Procedure 72(b)(1). (Dkt. #25.) After considering plaintiff's motion for summary judgment (dkt. #8), Judge Boor entered her R&R on August 4, 2025, recommending that this court: deny plaintiff's motion; affirm the ALJ's conclusion that plaintiff could perform several jobs in the national economy; and uphold the conclusion that she is was not disabled (dkt. #26). In response, plaintiff filed objections. (Dkt. #27.) For the reasons set forth below, the court sees no basis to deviate from Judge Boor's reasoning, will overrule plaintiff's objections, and will adopt the entirety of the R&R.

## OPINION

Although plaintiff initially raised two grounds for remand, she now only maintains one, arguing that remand is warranted because the ALJ erred in determining the

persuasiveness of Dr. Weber's examination. Relatedly, plaintiff criticizes Magistrate Judge Boor for characterizing her objection as asking the court to reweigh the evidence. (Dkt. #27, at 5.)

Both in her brief in support of remand and her objection to the Magistrate's R&R, plaintiff points to the Seventh Circuit's opinions in *Adaire v. Colvin*, 778 F.3d 685 (7th Cir. 2015), and *Mischler v. Berryhill*, 766 F. App'x 369 (7th Cir. 2019), as demonstrating the ALJ's error in finding Dr. Weber's consultative examination only minimally persuasive. However, Judge Boor found the ALJ supported this finding with substantial evidence, including that: Weber's report contained internally inconsistent statements about plaintiff's limitations and abilities; and Weber's assessment of marked limitations was inconsistent with plaintiff's actual performance during the exam and unremarkable mental health exams performed by other providers. (Dkt. #26, at 10.)

In her objections to the R&R, plaintiff also now cites *Goble v. Astrue*, 620 F. Supp. 2d 948 (2009), *Neave v. Astrue*, 507 F. Supp. 2d 948 (2007), and *Ketelboeter v. Astrue*, 550 F.3d 620 (7th Cir. 2008), in arguing that the ALJ erred as a matter of law in failing to inquire whether Dr. Weber had sufficient expertise to provide insight into the validity of plaintiff's subjective statements. However, Dr. Weber was providing his opinion as a third-party consultative examiner, which is distinguishable from the opinion of treating physicians discussed in *Goble, Neave* and *Ketelboeter*. Moreover, even if Dr. Weber had been a treating physician, the ALJ would still have been permitted to discount his findings as internally inconsistent and based only on the patient's subjective complaints.

*Ketelboeter*, 550 F.3d at 625 ("if the treating physician's opinion is inconsistent with the consulting physician's opinion, internally inconsistent, or based solely on the patient's subjective complaints, the ALJ may discount it.").

Finally, plaintiff concedes that the ALJ referenced Exhibit 18F, which contains mental health treating records from 2020 and 2021 reporting mostly unremarkable mental health status exams, but criticizes "the ALJ [for] expect[ing] this Court to sort through" the records' 253 pages. (Dkt. #27, at 12.) To the contrary, the ALJ gave a number of examples of the results of plaintiff's exams, even referencing specific page numbers in Exhibit 18F, including "in October 2020, the claimant had a normal mental exam (*Id*. at 3) . . . and then again a normal physical and mental exam in January 2021, despite ongoing opioid abuse. (*Id*. at 13, 15, 19, 23-24.)." (Dkt. #27, at 12.)

Since this court agrees with Magistrate Judge Boor that the ALJ supported his reasons for treating Dr. Weber's report with minimal persuasiveness with substantial evidence *and* provided a logical bridge between his findings of fact and conclusions of law, her R&R is adopted. *Stephens v. Berryhill*, 888 F.3d 323 (7th Cir. 2018).

ORDER

IT IS ORDERED:

1. The magistrate judge's R&R is ADOPTED in whole.

2. Plaintiff Kimberly Casey's motion for summary judgment is DENIED and the decision of the Commissioner is AFFIRMED consistent with Magistrate Judge Boor's R&R and this Order.

Entered this 22nd day of September, 2026.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge